IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JERRY RAY HALL,** | ) |
| | ) CASE NO. 7:20CV00706 |
| **Plaintiff,** | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| **KELLY SIMMONS, ET AL.,** | ) By: Hon. Glen E. Conrad |
| | ) Senior United States District Judge |
| **Defendants.** | ) |

Plaintiff Jerry Ray Hall, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against three officials at Augusta Correctional Center. Hall claims that the officials made or approved false statements about him in an effort to have him transferred to a higher security level prison facility, in violation of his constitutional rights.

Under 28 U.S.C. § 1915A, the court is required to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." Id. § 1915A(b)(1). Upon review of Hall's complaint, the court concludes that he has no legal basis for a § 1983 claim against the defendants and, therefore, will dismiss this case without prejudice.

Hall's allegations are sparse. He alleges that Kelly Simmons provided false statements in an effort to have him transferred from "a level 3 to a level 5 supermax" facility. Compl. 2, ECF No. 2. Hall further alleges that the false statements were approved by two other staff members, Tracy Lawhorn and Gail Jones. Id. As relief, Hall seeks to "stay put" or hold Simmons liable for "negligen[ce] on her part." Id. Hall's attachments suggest that he disagrees with Simmons' calculation of the number of disciplinary infractions he had during certain periods of time when

she was calculating his classification scores.  Hall fails to identify in his complaint, however, the particular statements he believes were false or to explain how they affected his security classification.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013).  Hall has no constitutional right to the only relief he seeks.  Simply stated, an inmate has no constitutional right to be assigned to any one prison facility over another, even when the conditions in one facility may be more favorable or less restrictive than at other facilities.  Meachum v. Fano, 427 U.S. 215, 223-224 (1976).  Moreover, a state official's failure to abide by state procedural laws or rules regarding prison classification calculations is not a federal due process issue and is not actionable under § 1983.  Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990).  Therefore, even if the defendants failed to follow some state procedure that caused an error in Hall's classification score, such a violation of state procedures does not state an actionable claim under § 1983.[1]

For the reasons stated, the court concludes that Hall's submissions fail to state any claim of constitutional significance actionable under § 1983.  Therefore, the court will dismiss the complaint without prejudice, pursuant to § 1915A(b)(1).

ENTER: This __22nd__ day of April, 2021

_____
Senior United States District Judge

---

[1] Section 1983 was intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).  Any state law claims Hall may wish to bring here are thus not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them in this action.  See 28 U.S.C. § 1367(c).